IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARIAN T. COOPER and<br>ROBERT L. COOPER,<br><br>      Plaintiffs,<br><br>v.<br><br>HSBC MORTGAGE SERVICES INC.,<br><br>      Defendant. | Case No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant HSBC Mortgage Services Inc. ("HSBC"), appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, specifically reserving its right to seek arbitration pursuant to contractual agreements and the Federal Arbitration Act, gives notice of the removal of this action from the Superior Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. As grounds in support of this removal, HSBC states as follows:

2083768 v2

# I. INTRODUCTION

This case is properly removable because this action is between citizens of different states and the amount in controversy exceeds $75,000.00. Thus, this Court can properly exercise jurisdiction over this action in its entirety.

# II. PROCEDURAL HISTORY AND REQUIREMENTS

On May 21, 2013, Plaintiffs Marian T. Cooper and Robert L. Cooper ("Plaintiffs") commenced this action by filing a Complaint in the Superior Court of Fulton County, Georgia, Case Number 2013CV231571 (the "Complaint"). A copy of the Complaint is included in Exhibit E hereto. HSBC was served with process in this action on May 30, 2013. In the Complaint, Plaintiffs assert claims against HSBC for breach of contract, nominal damages, wrongful foreclosure, and expenses of litigation arising out of HSBC's scheduled June 4, 2013 foreclosure (the "Foreclosure") of Plaintiffs' residential mortgage loan that was secured by the real property located at 737 Peachbelt Road, Thomaston, Georgia 30286 (the "Property"). (See generally Complaint).

Plaintiffs obtained the subject loan on or about July 31, 2006 from HSBC's predecessor in interest Creve Cor Mortgage, Inc. ("Crevecor") in the original principal amount of $402,000.00 (the "Loan"). (Complaint, ¶¶13-14, and Exhibit A hereto). In connection with the Loan, Plaintiffs executed a Security Deed in

favor of MERS, as nominee for Crevecor and its successors and assigns, dated July 31, 2006 and recorded on August 7, 2006 at Deed Book 1059, Page 038 of the Upson County, Georgia real estate records (the "Security Deed"), wherein Plaintiffs granted MERS, as nominee for Crevecor and its successors and assigns, a first priority security interest in the Property to secure Plaintiffs' Loan. A redacted copy of Plaintiffs' Security Deed is attached hereto as Exhibit A. Plaintiffs' Loan was assigned to HSBC as evidenced by that certain Corporate Assignment of Mortgage dated November 21, 2008 and recorded on December 1, 2008 at Deed Book 1168, Page 200 of the Upson County, Georgia real property records (the "Assignment"). A redacted copy of the Assignment is attached hereto as Exhibit B.

Plaintiffs defaulted on the Loan and HSBC retained foreclosure counsel to pursue foreclosure of the Property. In connection with Plaintiffs' default, HSBC and/or its foreclosure counsel mailed several letters to Plaintiffs discussing their default, the amount owed on the loan, the acceleration of the debt, and the possibility of foreclosure. Redacted copies of letters sent to Plaintiffs are attached hereto as Exhibit C. As of May 2, 2013, Plaintiffs owed at least $574,310.10 in connection with the Loan. (See Exhibit C). Notably, Plaintiffs do not allege in the

3

2083768 v2

Complaint that the Loan was current and was not in default at the time of the Foreclosure. (See generally Complaint).

In the Complaint, Plaintiffs seek both monetary damages and equitable relief. (See Complaint). In relation to the breach of contract claim, Plaintiffs ask for "rescission of the sale" as well as "general and special damages." For their wrongful foreclosure claim, Plaintiffs appear to seek an injunction preventing the Foreclosure from going forward as well as "special and general damages" from "extreme mental and emotional distress and humiliation."[1] (Complaint, ¶¶ 42, 75, 76). Although Plaintiffs' Complaint contains a purported "stipulation not to seek more than $75,000 in damages," this stipulation only applies to and limits Plaintiffs' demands for monetary damages – Plaintiffs have not and cannot limit the value of the equitable relief sought in the Complaint. (See generally Complaint).

This Notice of Removal is being filed, pursuant to 28 U.S.C. § 1446, within thirty (30) days from the date this action first became removable. This case is a civil action within the meaning of 28 U.S.C. § 1441(a), relating to the removal of

---

[1] Throughout the Complaint, Plaintiffs seek to "rescind" the Foreclosure. (See generally Complaint). However, Plaintiffs filed their Complaint well in advance of the Foreclosure, scheduled for June 4, 2013, and their request to "rescind" a foreclosure that has yet to occur appears to be an attempt to stop or enjoin the scheduled Foreclosure sale.

4

cases. Written notice of the filing of this Notice of Removal has been served upon Plaintiffs, and a copy of this Notice of Removal, along with HSBC's Notice of Filing Notice of Removal, will be filed promptly with the Clerk of the Superior Court of Fulton County, Georgia. (See Exhibit D attached hereto). The United States District Court for the Northern District of Georgia, Atlanta Division, is the district and division embracing the Court where this action is currently pending. True and correct copies of all process, pleadings, and orders of record in this action are attached hereto as Exhibit E.

### III. DIVERSITY JURISDICTION

This case is properly removable because Plaintiffs and HSBC are citizens of different states and the amount in controversy exceeds $75,000.00. See 28 U.S.C. §§ 1332(a), 1441(a).

A. **Complete Diversity of Citizenship.**

Complete diversity of citizenship exists between Plaintiffs, on the one hand, and HSBC, on the other. Plaintiffs are residents of Upson County, Georgia and are citizens of Georgia. (Complaint, ¶ 3). For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state by which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). HSBC is a Delaware Corporation with its principal place of business in Florida.

Thus, HSBC is considered to be a citizen of both Delaware and Florida. See 28 U.S.C. § 1332(c)(1). Because Plaintiffs are citizens of Georgia and HSBC is a citizen of states other than Georgia, there can be no question that complete diversity of citizenship exists between Plaintiffs and HSBC.

### B. Amount in Controversy.

It is apparent from the face of the Complaint that the amount in controversy exceeds the $75,000.00 jurisdictional threshold, despite Plaintiffs' stipulation. In the Complaint, Plaintiffs seek monetary damages for breach of contract, wrongful foreclosure, and expenses of litigation. (See generally Complaint). Plaintiffs also seek "to rescind a threatened wrongful foreclosure and any subsequent conveyance of the Home"; Plaintiffs claim that they are entitled to a "rescission of the [scheduled] sale"; and Plaintiffs claim that they are entitled to "rescission of any foreclosure sale" (emphasis added).[2] (Complaint, ¶¶ 42, 47, 75). Although Plaintiffs stipulate that "they will neither seek nor accept more than $75,000 in damages in this action," Plaintiffs do not stipulate to the value of the equitable relief sought in the Complaint. (Complaint, ¶ 42). Further, Plaintiffs cannot "stipulate" that the value of the equitable relief sought (i.e., stopping the

---

[2] Plaintiffs filed this action before the scheduled June 4, 2013 Foreclosure and thus it appears that Plaintiffs are seeking an Order to stop the Foreclosure from going forward, despite their requests to "rescind" the Foreclosure.

6

Foreclosure) is less than $75,000.00 -- as explained below, the value of the Property (and thus the value of the relief sought) is at least $264,745, well over the $75,000 threshold.

This Court has established that where a plaintiff seeks to prohibit a mortgagee from exercising its rights under the loan documents and take possession of property by virtue of a foreclosure sale, the amount in controversy is measured by **the value of the property**. See Roper v. Saxon Mortg. Servs., Inc., No. 1:09-CV-312-RWS, 2009 WL 1259193, at *2 (N.D. Ga. May 5, 2009) ("As Plaintiff seeks injunctive relief barring the foreclosure on the property at issue, the value of the property determines the financial value at stake."); Crutcher v. CitiMortgage, Inc., No. 1:12-CV-00455-JOF, 2012 U.S. Dist. LEXIS 177136, *13 (N.D. Ga. Sept. 20, 2012) ("Because Plaintiff asks the court to set aside the foreclosure sale, the court finds that the value of the property can determine the financial value at stake."). Thus, to assert this basis for diversity jurisdiction, HSBC must prove that the value of the Property "more likely than not" exceeds $75,000. See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010). In the Complaint, Plaintiffs admit that the original principal balance of the Loan was $402,000.00. (Complaint, ¶ 14). Otherwise, Plaintiffs' Complaint does not contain any valuation of their equitable claims. (See generally Complaint).

7

Because Plaintiffs do not allege the current value of the Property in their Complaint, the value of the Property may be ascertained by looking outside of the pleadings. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). Plaintiffs seek to prevent the Foreclosure of a mortgage loan that, as of May, 2013, had a total outstanding balance of $574,310.10. (See Complaint; and Exhibit C hereto). As stated above, in the Complaint, Plaintiffs admit that the original principal balance of the subject Loan was $402,000.00, as shown in the Security Deed executed by Plaintiffs. (Complaint, ¶ 6, and Exhibit A hereto). See, e.g., Haynes v. JPMorgan Chase Bank, N.A., 466 F. App'x 763, 764 (11th Cir. 2012) (stating that copy of security deed filed with notice of removal served to satisfy amount-in-controversy requirement); Reynolds v. JPMorgan Chase Bank N.A., No. 5:11-CV-311 MTT, 2011 WL 5835925, at *2 (M.D. Ga. Nov. 21, 2011) ("[T]he security deed meets the amount-in-controversy requirement."); Roper, 2009 WL 1259193, at *2 (finding that amount-in-controversy requirement was satisfied where "Plaintiff's Complaint cites to a security deed in the original amount of $352,480.00"). Further, the value of the Property is assessed on an annual basis by the Board of Assessors for Upson County for tax assessment purposes. According to the Board of Assessors, the most recent year (2013) value of the Property is $263,745.00. See Berry, 2012 WL 1145219, at *5 (looking at

property appraisal issued by tax assessor to determine amount in controversy for a case requesting an injunction against foreclosure and eviction). See Board of Assessors for Upson County summary relating to the Property, attached hereto as Exhibit F. Thus the value of the Property and the amount of the subject mortgage Loan both exceed $75,000.00.

Accordingly, based upon the overwhelming evidence attached to the Complaint and to this Notice of Removal, the amount in controversy, exceeds the jurisdictional requirement.

### IV. ADOPTION AND RESERVATION OF DEFENSES

Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of HSBC's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under O.C.G.A. § 9-11-12 or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## V. CONCLUSION

**WHEREFORE**, HSBC prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Superior Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 1st day of July, 2013.

s/Amanda E. Wilson
Alan D. Leeth
Georgia Bar No. 472031
aleeth@burr.com
Amanda E. Wilson
Georgia Bar No. 165135
awilson@burr.com

Attorneys for Defendant
HSBC MORTGAGE SERVICES INC.

BURR & FORMAN LLP
171 Seventeenth Street, NW, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

2083768 v2

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing **NOTICE OF REMOVAL** has been prepared with Times New Roman, 14-point font, one of the font and point selections approved by the Court in LR 5.1.

                                        s/Amanda E. Wilson
                                        Alan D. Leeth
                                        Georgia Bar No. 472031
                                        aleeth@burr.com
                                        Amanda E. Wilson
                                        Georgia Bar No. 165135
                                        awilson@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, NW, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

# CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of July, 2013, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorney of record:

>Richard S. Alembik, Esq.
>Richard S. Alembik, PC
>315 W. Ponce de Leon Ave.
>Ste. 250
>Decatur, Georgia 30030-5100
>*Attorney for Plaintiff*

>s/Amanda E. Wilson
>Alan D. Leeth
>Georgia Bar No. 472031
>aleeth@burr.com
>Amanda E. Wilson
>Georgia Bar No. 165135
>awilson@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, NW, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

2083768 v2