| | |
|---|---|
| MARIAN T. COOPER, and<br>ROBERT L. COOPER,<br><br>                Plaintiffs,<br><br>vs.<br><br>HSBC MORTGAGE SERVICES, INC.,<br><br>                Defendant. | Civil Action File No.<br><br>1:13-CV-02193-JOF |

## PLAINTIFFS MARIAN AND ROBERT COOPER'S QUALIFIED OBJECTION TO DEFENDANT HSBC'S MOTION TO STAY PRETRIAL DEADLINES

### Introduction

The Coopers don't object to staying pretrial deadlines. But this Court should also take this opportunity, assuming the Motion to Dismiss is denied, to calculate and declare the deadlines according to a formula that eliminates speculation.

### Discussion

Assuming this Court denies the Motion to Dismiss, and to promote "the just, speedy, and inexpensive determination" of this action, this Court should enter an

Order in a way that eliminates any potential for confusion or guesswork.[1] To this end, the Coopers would request entry of an order that stays and also sets the applicable deadlines as follows:

(1) *Conducting Rule 26(f) early planning conference* (LR 16.1): stayed to within **16** days of entry of an order denying the Motion to Dismiss;

(2) *Submitting joint preliminary report and discovery plan*. (LR 16.2): stayed to within **30** days of entry of an order denying the Motion to Dismiss;

(3) *Serving Initial Disclosures*. (LR 26.1): stayed to within **30** days of entry of an order denying the Motion to Dismiss; and,

(4) *Commencement of Discovery*. (LR 26.2): to commence **30** days after entry of an order denying the Motion to Dismiss.

To this end, the Coopers submit a proposed Order. (Exhibit "A")

The requested clarity is desirable because the baseline date by which most pretrial deadlines are calculated can vary according to whether a case was removed or whether some other pretrial motion, such as a motion to remand, or a

---

[1] Fed. R. Civ. P. 1.

motion to dismiss is filed. As an example, the Rule 26 early planning conference is technically pegged to occur within 16 days "after appearance of a defendant by answer or motion."[2] Also, the submission of the Joint Preliminary Report and Discovery Plan is technically pegged to occur within 30 days after "the appearance of the first defendant by answer or motion or within thirty days after a removed case is filed in this Court."[3] Also, the service of initial disclosures is pegged to occur "at or within thirty (30) days after the appearance of a defendant by answer or motion."[4] Finally, the discovery period is calculated to begin "thirty (30) days after the appearance of the first defendant by answer to the complaint."[5]

Given that the baseline dates by which pretrial deadlines are calculated can vary from case to case, it's not always crystal clear what these deadlines actually are. Here, for example, the 30th day after removal of this case occurred in early August of 2013. So, technically the Joint Preliminary Report is arguably already past due under NDLR 16.2.

---

[2] NDLR 16.1.

[3] NDLR 16.2.

[4] NDLR 26.1 A.

[5] NDLR 26.2 A.

Also, HSBC would have up to 14 days in which to file an answer after the denial of its motion to dismiss.[6] Thus, pegging pretrial deadlines to the filing of the answer simply leaves too much in the proverbial "air." Given that there is no rule that addresses exactly how dates are calculated when an Order denying a dispositive pretrial motion is entered, there are plenty of other opportunities for calendaring confusion that could be obviated by entry of the Coopers' proposed Order.

**Conclusion**

This Court should indeed stay pretrial deadlines; but in the event the Motion to Dismiss is denied, it should now calculate and declare them according to the baseline of the date of entry of its Order on the Motion to Dismiss.

Respectfully submitted,

        RICHARD S. ALEMBIK, PC

By: //s// Richard S. Alembik
     Richard S. Alembik
     State Bar No. 008770
     Attorneys for Plaintiffs

---

[6] See Fed. R. Civ. P. 12(a)(4)(A).

315 W. Ponce de Leon Ave.
Ste. 250
Decatur, GA 30030-5100
(404) 373-0205
(404)795-8999 FAX
general_mailbox@alembik.com

### **LR 7.1D CERTIFICATE OF FONT AND POINT SELECTION**

I hereby certify that the foregoing brief has been prepared with one of the font and point selections approved by the court in LR 5.1B and 5.1C.

   *s/ Richard S. Alembik*
   Richard S. Alembik
   State Bar No. 008770
   Attorney for Plaintiffs

# CERTIFICATE OF SERVICE OR
# NOTICE OF ELECTRONIC FILING

I hereby certify that on  October 10, 2013   service of the foregoing document was made as follows:

☐ I mailed the foregoing document by United States Postal Service to the following [non-CM/ECF-registered] attorney(s) or unrepresented party(ies) in an envelope with proper first class postage affixed thereon, properly addressed as set forth below.

☒ I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send a Notice of Electronic filing to all attorneys registered with the CM/ECF system.

**Alan D. Leeth, Esq.**
**Amanda E. Wilson, Esq.**
**Burr & Forman LLP**
**171 17th St., NW**
**Suite 1100**
**Atlanta, GA   30363**

Respectfully submitted,

        RICHARD S. ALEMBIK, PC

By:   */s/ Richard S. Alembik*
      Richard S. Alembik
      Georgia State Bar No. 008770
      Attorney for Plaintiffs
      Marian T. Cooper and Robert L. Cooper

315 W. Ponce de Leon Ave.
Ste. 250
Decatur, GA 30030-5100
(404) 373-0205
(404)795-8999 FAX
general_mailbox@alembik.com